IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:11-CR-3101 |
| vs. | |
| JAYMOND H. TAYLOR, | REVISED TENTATIVE FINDINGS |
| Defendant. | |

    I have received the presentence investigation report in this case. There are no motions for departure or variance.

    According to the order on sentencing schedule (filing 83) entered by the Magistrate Judge, any objections to the revised presentence investigation report were to be filed by May 24, 2012; no objection was filed before that date, and the Court entered its tentative findings (filing 108) on May 29. On May 31, the defendant filed an objection (filing 109) to the presentence investigation report. The Court grants the defendant leave to file said objection and revises its tentative findings accordingly.

    IT IS ORDERED:

1. The Court grants the defendant leave to file an objection to the presentence investigation report, and accepts the defendant's filing 109 as such an objection.

2. The Court will consult and follow the Federal Sentencing Guidelines to the extent permitted and required by *United States v. Booker*, 543 U.S. 220 (2005), and subsequent cases. In this regard, the Court gives notice that, unless otherwise ordered, it will:

    (a) give the advisory Guidelines such weight as they deserve within the context of each individual case and will filter the Guidelines' advice through the 18 U.S.C. § 3553(a) factors, but will not afford the Guidelines any particular or "substantial" weight;

    (b) resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury;

    (c)    impose upon the United States the burden of proof on all Guidelines enhancements;

    (d)    impose upon the defendant the burden of proof on all Guidelines mitigators;

    (e)    depart from the advisory Guidelines, if appropriate, using pre-*Booker* departure theory; and

    (f)    in cases where a departure using pre-*Booker* departure theory is not warranted, deviate or vary from the Guidelines when there is a principled reason justifying a sentence different than that called for by application of the advisory Guidelines, again without affording the Guidelines any particular or "substantial" weight.

3. The defendant has objected to the presentence report, *see* filing [109](#); as consolidated, he argues that he is (a) entitled to a two-level reduction for acceptance of responsibility and an additional one-level reduction for timely notifying the authorities of his intent to plead guilty, and (b) not subject to a two-level enhancement for obstruction of justice. Those objections will be heard and resolved at sentencing.

4. Except to the extent, if any, that I have sustained an objection, granted a motion, or reserved an issue for later resolution in the preceding paragraph, the parties are notified that my revised tentative findings are that the presentence report is correct in all respects.

5. If any party wishes to challenge these <u>revised</u> tentative findings, that party shall, as soon as possible (but in any event no later than three (3) business days before sentencing) file with the Court and serve upon opposing counsel an objection challenging these tentative findings, supported by a brief as to the law and such evidentiary materials as are required, giving due regard to the local rules of practice governing the submission of evidentiary materials. If an evidentiary hearing is requested, such filings should include a statement describing why a hearing is necessary and how long such a hearing would take.

6. Absent timely submission of the information required by the preceding paragraph, the Court's revised tentative findings may become final and the presentence report may be relied upon by the Court without more.

7.  Unless otherwise ordered, any objection challenging these revised tentative findings shall be resolved at sentencing.

    Dated this 31st day of May, 2012.

    BY THE COURT:

    _____
    John M. Gerrard
    United States District Judge